UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEREK BLOUNT,

        Plaintiff,

vs.

                      Case No. 3:17-cv-733-J-39JRK

ESLEY J. HODGE,

        Defendants.
_____

## **ORDER**

### **I. Status**

Plaintiff, an inmate of the Florida Department of Corrections (FDOC), is proceeding pro se on a Second Amended Complaint (Second Amended Complaint) (Doc. 35) pursuant to 42 U.S.C. § 1983. Defendant Esley J. Hodge filed Defendant's Motion to Dismiss (Motion) (Doc. 36).[1] Plaintiff responded by filing Plaintiff's Statement of Disputed Factual Issues (Doc. 39), Plaintiff's Brief in Opposition to Defendant's Summary Judgment Motion (Doc. 40), and a Declaration in Opposition to Defendant's Motion for Summary Judgment.[2] See Order (Doc. 12).

This cause is also before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 42), Declaration in Support (Doc.

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

[2] Notably, Defendant Hodge has not filed a motion for summary judgment; Defendant Hodge filed a motion to dismiss.

43), Brief in Support (Doc. 44), Notice to the Court (Doc. 45), and Statement of Undisputed Facts (Doc. 46). Defendant Hodge filed a Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 47).

## II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

## III. The Second Amended Complaint

Plaintiff claims Defendants Hodge subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Second Amended Complaint at 3. Plaintiff also raises a state law claim of assault and battery. Id. As relief, Plaintiff seeks compensatory and punitive damages. Id. at 5.

Plaintiff alleges that on March 29, 2017, at Suwannee Correctional Institution, while he was seated in a chair and handcuffed, Defendant Hodge approached Plaintiff and slapped him on the right side of his face and temple area for no apparent reason and without penological justification. Id. at 4. After slapping Plaintiff, Defendant Hodge made a racial slur. Id. at 5. Plaintiff states he received bruising and a knot on the right side of his face, temple area. Id. Plaintiff accessed sick call, and the nurse took his vital signs and found a small knot on the right temple area, requiring no medical treatment or medication. Id.

### IV. Law and Conclusions

Defendant Hodge maintains Plaintiff is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because there is an absence of physical injury. Motion at 3-6. Plaintiff simply claims he was bruised and had a small knot on the right side of his face after being slapped by Defendant Hodge. Defendant Hodge seeks the dismissal of the Second Amended Complaint without prejudice because there is no request for nominal damages and Plaintiff is not entitled to compensatory or punitive damages. Id. at 6-7. Additionally, to the extent Plaintiff is seeking monetary damages against Defendant Hodge in his official capacity, Defendant Hodge claims Eleventh Amendment immunity. Id. at 7-8.

Insofar as Plaintiff may be seeking monetary damages from Defendant Hodge in his official capacity, the Eleventh Amendment

bars suit. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam) (finding the Secretary of the FDOC immune from suit in his official capacity). Thus, Defendant's Motion is due to be granted as to Plaintiff's claim for monetary damages against Defendant Hodge in his official capacity.

The Court liberally construes Plaintiff's Second Amended Complaint, as it must, but finds, to the extent Plaintiff is seeking monetary damages against Defendant Hodge in his individual capacity, Hodge's Motion is due to be granted. The Eleventh Circuit addressed the question of non-actionable *de minimis* injury in the prison context:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002). We have previously held that a forced "dry shave" only amounted to a *de minimis* injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11th Cir. 1999), vacated, 197 F.3d 1059, reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); see also Nolin v. Isbell, 207 F.3d 1253, 1258 n. 4 (11th Cir. 2000) (bruises received during an arrest were non-actionable *de minimis* injury).

Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (per curiam), cert. denied, 562 U.S. 1009 (2010).

In order to satisfy 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA), the physical injury must be more than *de minimus*, but need not be significant. Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (per curiam) (citation omitted). The minor nature of Plaintiff's injury, bruising and a small knot on his temple area, that did not require medical treatment or medication, constitutes *de minimis* physical injury.[3] See Mann, 360 F. App'x at 32 (finding vague injuries to the prisoner's back and scrapes and marks to his knees and legs were *de minimis* physical injuries); Johnson v. Moody, 206 F. App'x 880, 885 (11th Cir. 2006) (per curiam) (concluding injury to a finger, without a fracture or break, requiring a tetanus shot,

---

[3] The Court is not unsympathetic with Plaintiff's plight as described in the Second Amended Complaint. The Court recognizes the use of racial epithets and physical mistreatment of inmates resulting in emotional harm is not acceptable penological behavior and should not be sanctioned or condoned; however, in order to obtain compensatory and punitive damages, Plaintiff must meet the requirement of more than *de minimis* physical injury while he remains confined. Pursuant to the PLRA, before reaching any claim of emotional harm, an inmate must show physical injury. See Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (finding the mugging and harassment with racial epithets and taunts of an inmate causing or exacerbating a back injury supported the jury's finding of a violation of the prisoner's constitutional rights and supported the punitive damage award against a corrections officer), cert. denied, 520 U.S. 1257 (1997). But for the requirements of the PLRA, this Court would be inclined to let this case proceed based on Plaintiff's allegations of racial hatred and physical mistreatment. However, pursuant to the requirements of the PLRA, the Court is obliged to dismiss the case without prejudice to Plaintiff refiling his claims for compensatory and punitive damages if and when he is released from prison. Although this result is disconcerting, Plaintiff has not alleged enough to avoid dismissal at this stage.

bandages and non-prescription pain relievers, constituted *de minimis* injury under the PLRA); Harris v. Chapman, 97 F.3d 499, 505-506 (11th Cir. 1996) (holding the injury from kicking, mugging or slapping, and snapping the prisoner's head back with a towel was not *de minimis* because it resulted in causing or exacerbating the prisoner's back condition), cert. denied, 520 U.S. 1257 (1997); and Harvard v. Beaudry, No. 3:12cv89/LC/CJK, 2014 WL 4626016, at * 10 (N.D. Fla. Sept. 12, 2014) (finding the inmate, after a use of force, suffered no more than *de minimis* injury even though he had a sore right shoulder and forearm, a knot on the knuckle of his right index finger, swollen fingers on his right hand, and a scratch on the back of his arm, without a fracture).

Defendant Hodge requests Plaintiff's claims against Hodge in his individual capacity for compensatory and punitive damages be dismissed without prejudice. Motion at 5-7. This request will be granted. An explanation follows.

The Eleventh Circuit instructs that dismissal of an inmate's compensatory and punitive damages claims under § 1997e(e) without prejudice is appropriate to allow the inmate to refile when and if the inmate is released. See Harris v. Garner, 216 F.3d 970, 980 (11th Cir. 2000), cert. denied, 532 U.S. 1065 (2001). However, this Court must first inquire as to whether Plaintiff sought nominal damages because the availability of nominal damages under 1997e(e) has not been deemed foreclosed in the Eleventh Circuit.

6

Upon review, it is quite obvious that Plaintiff did not expressly request nominal damages in his Second Amended Complaint. Indeed, "Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests *only* compensatory and punitive damages." Pollard v. City of Ft. Myers Police Dep't, No. 2:15-cv-79-FtM-29DNF, 2015 WL 859397, at *3 (M.D. Fla. Feb. 27, 2015).

Also, the Court is unable to infer a nominal damages request because Plaintiff does not seek such other and further relief as this Court may deem just, proper, and equitable as relief, or make a similarly stated request for relief. See Day v. Vaughn, 56 F.Supp.3d 1377, 1384 (S.D. Ga. Oct. 22, 2014). Even an extremely liberal construction of Plaintiff's Second Amended complaint does not support a contention he is seeking nominal damages.

Unlike some cases that have been liberally construed to be seeking nominal damages, the operative complaint in this case does not contain language like "such other relief as may appear that plaintiff is entitled," or "any other relief the court deems appropriate or just" or similar language. For example, in Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted by No. CV 311-044, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012), the district court denied the defendant's motion to dismiss because the court determined the Eleventh Circuit has not foreclosed the availability of nominal

7

damages under § 1997e(e), and the operative complaint could be liberally construed to request nominal damages:

> Among his requests for relief, Plaintiff asks that the Court "[g]rant such other relief as it may appear that [P]laintiff is entitled." (Doc. no. 1, p. 17.) The Court thus liberally construes Plaintiff's complaint to request nominal damages. See Holloway v. Bizzaro, 571 F.Supp.2d 1270, 1272 (S.D. Fla. 2008) ("Complaints which have been liberally construed to raise a request for nominal damages or equitable relief contain such phrases as 'such other relief as may appear that Plaintiff is entitled' or similar language."); Linehan v. Crosby, No. 4:06-cv-00225-MP-WCS, 2008 WL 3889604, at *13 (N.D. Fla. June 26, 2008), adopted by 2008 WL 3889604 (N.D. Fla. Aug.20, 2008) ("Plaintiff did seek 'such other relief as this Court may deem just and appropriate.' The court should construe the complaint liberally as seeking nominal damages.") (internal citation omitted).

After a thorough review of the Second Amended Complaint, the Court finds Plaintiff has not included language that can liberally be construed as a request for nominal damages. As such, the Second Amended Complaint is due to be dismissed without prejudice to Plaintiff's right to refile his claims for compensatory and punitive damages if and when he has been released from prison.

Therefore, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 36) is **granted**, and the Second Amended Complaint (Doc. 35) is **DISMISSED without prejudice.**

2. Plaintiff's Motion for Partial Summary Judgment (Doc. 42) is **DENIED without prejudice** as prematurely filed. See Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 47).

3. The **Clerk** shall enter judgment dismissing the case without prejudice and terminating any pending motions.

4. The **Clerk** shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March, 2019.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/18
c:
Derek Blount
Counsel of Record